## No. 3034

### Second Circuit

---

## SOUTHERN IRON & EQUIPMENT CO. v. DREW GRAVEL CO., INC.

---

(November 18, 1929. Opinion and Decree.)

---

Hayes & McInnis, of Minden, attorneys for plaintiff, appellee.

A. S. Drew, of Minden, attorney for defendant, appellant.

ODOM, J. The transaction out of which this suit arose took place in 1924. On April 12th, of that year, the defendant, Drew Gravel Company, Inc., wired plaintiff to know if it could make immediate delivery in Arkansas where defendant's gravel plant was located, of certain dump cars, and if so, to wire specifications as to make, price and present location.

On April 14th, plaintiff wired defendant as follows:

"Have inspector see Superintendent Brooks Galloway Bauxite Arkansas terms half cash balance thirty sixty ninety days six per cent satisfactory understand will examine tomorrow."

On April 16th, defendant wired plaintiff as follows:

"Will have inspector at Bauxite tomorrow morning if cars satisfactory wish same loaded same day have your man ready."

On the same day, plaintiff wired defendant as follows:

"Per yours date are instructing Brooks Calloway accordingly thanks."

On April 17th, defendant wired plaintiff as follows:

"Inspector reports cars OK ship four four yard side dump thirty six inch cars to Delight Arkansas draw on Bank of Webster Minden La for four hundred fifty dollars forward notes for balance due thirty sixty and ninety days to Minden."

On the same day, plaintiff wired the defendant:

"Yours date will have cars shipped promptly thanks."

On April 19th, defendant wired plaintiff as follows:

"Mail deferred payment notes to Minden Louisiana."

The testimony shows that the Drew Gravel Company, defendant, sent a man,

named Dalton, to Bauxite, Arkansas to inspect and pick four dump cars to be shipped. Out of a great many dump cars which Dalton found there he picked out four, accepted them for defendant and ordered them shipped to defendant at Delight, Arkansas. The cars were shipped, as per the orders. But, when the shipment arrived at Delight, it was refused by defendant on the alleged ground that the cars were unfit for use. On April 29th, defendant wired plaintiff as follows:

"Cars are completely worn out represented to be in good condition by New Orleans branch I must have cars at once will pay freight and unload and use until you can furnish us four cars in good shape then reload the ones we have if you are unable to secure four yard cars will take two or three yard cars in good shape no inspection made of cars sent laborer to hurry loading if arrangement is satisfactory wire Bank of Webster to release bill of lading without payment of draft answer at once wire."

So far as the record discloses, all negotiations between the parties ceased at this point. Defendant, having refused to accept the cars at Delight, Arkansas, they were shipped by plaintiff back to Bauxite. The freight on the cars from Bauxite to Delight and from Delight back to Bauxite, plus demurrage accrued at Delight, amounted to $295.86.

This suit is against defendant to recover that amount. The defense is that plaintiff breached its contract by shipping cars unfit for use. The defense might be good, but for one thing, to-wit: the cars were picked out, accepted and ordered shipped by defendant's inspector and agent, Dalton. The plaintiff company did not own the cars, but was selling them for another. It had no interest in shipping these particular cars instead of others which might have been selected by Dalton. The cars would not have been shipped if Dalton had not picked them out and ordered them shipped. The testimony shows that the identical cars selected by Dalton were shipped.

The fact that Dalton had full authority to make the selection of cars to be shipped and in that respect to bind defendant company can not be, and in fact, is not seriously disputed. In defendant's telegram to plaintiff of April 16th, it said: "Will have inspector at Bauxite tomorrow morning. If satisfactory wish same loaded same day. Have your man ready." The man designated by plaintiff to pick out cars for inspection and to ship, if satisfactory, was on the ground and met Dalton, defendant's inspector. He testified that Dalton selected the cars he wanted and ordered them shipped. Following this, defendant wired plaintiff on April 17th, as follows:

"Inspector reports cars OK. Ship four four-yard side dump 36 inch cars to Delight, Arkansas. Draw on Bank of Webster, etc."

The fact that plaintiff was made to suffer a loss of $295.86 on account of defendant's refusal to accept the shipment is not disputed. The district judge thought defendant should respond. We think so, too.

For the reasons assigned, it is ordered that the judgment appealed from be affirmed, with costs in both courts.